Hon. GEORGE ROGERS KING, } *Associate Justices:*
Hon. THOMAS SLIDELL,

## SUCCESSION OF DAY.

The homologation of a "statement of debts" on which a creditor of a succession is placed as an ordinary creditor, presented by a curator with a prayer for its approval and homologation, is not such a judgment as will prevent the creditor from afterwards claiming the benefit of a mortgage by which his debt was secured. Such a statement presupposes sufficient funds in the hands of the curator to pay all the creditors who have presented themselves (C. C. 1168); and it is immaterial to a creditor what rank is assigned him thereon; as it contemplates the payment of his debt at all events. He is consequently not bound to oppose it, and insist on being classed as a mortgage creditor. It is only upon the presentation of a tableau of distribution among the creditors, according to the order of their privileges and mortgages, that a judgment could have been rendered which would preclude a creditor from subsequently asserting his true rank. C. C. 1169, 1170.

APPEAL from the Court of Probates of Ouachita, *Lumy*, J. *McGuire* and *Ray*, for the opponent. *Purvis* and *Thomas*, for the appellants. The judgment of the court was pronounced by

KING, J. On the 11th of January, 1841, *Oliver*, as curator of the succession of *Day*, filed in the Probate court "a statement of debts," accompanied by a petition in which he prayed for its approval and homologation. On this statement *Ferdinand Sims* is set down as an ordinary creditor for three notes, amounting collectively to $2,335 80. On the 22d of July, 1843, a judgment was rendered by the probate judge, which, after correcting the statement in

---

* ROST, J., was not present during this term.

several respects, concludes as follows : "All the balance of said debts, as set forth by the curator in his statement of debts, are hereby allowed as just debts against the estate, to be paid in due course of administration, and according to the classification therein, after the above corrections." The claim represented by *Sims*, who is the executor of *Mitchell*, was not among those adverted to in the previous part of the decree, and consequently falls, as is contended, within the operation of this concluding clause. On the 10th of June, 1839, previous to the filing of this statement, or to the rendition of the decree homologating it, *Oliver*, as curator, acknowledged in writing the claim represented by *Sims* to be due, and to be secured by a mortgage and privilege, and stated that he had no objections to paying it. On the 27th of September, 1843, *Oliver*, as curator, filed in the Probate court, what he calls "a supplemental statement of debts" due by the succession, on which he placed *Sims*, executor of *Mitchell*, as creditor for the same sum which had figured in the previous statement of January, 1841, and classed the debt as being due by a special mortgage, which mortgage is particularly described. This "supplemental statement" was opposed by *Fitzpatrick*, upon the ground, among others, that the claim of *Sims*, executor, had been presented in a previous statement of debts which had been finally adjudicated upon, and that it could not be the subject of the further action of the court. Other claims were also opposed by *Fitzpatrick*. After the filing of this opposition, *Oliver*, as curator of *Day*, and *Sims*, as executor of *Mitchell*, presented a petition to the Probate court, in which they aver that the claim of *Sims*, executor, placed on the supplemental statement is the same with that which figures on the first statement of debts ; that it was never intended to class the claim as an ordinary debt ; that it was thus placed through inadvertance ; and that the judgment was rendered in error. They pray that the judgment be annulled, and that the proper rank be assigned to the claim of *Sims*. The plea of *res judicata* was sustained by the court below, and *Oliver* and *Sims* have appealed.

We understand the position assumed by the appellee to be, that the statement made by the curator was a tableau of distribution, or of classification of the creditors. It is neither. It is what upon its face it purports to be, a mere statement of the debts due by the deceased, which the curator proposed to pay, with the authorisation of the judge. Such a statement pre-supposes sufficient funds in the hands of the curator to pay all the creditors of the deceased, who have presented themselves or made themselves known. C. C. 1168. Upon such a statement it is immaterial to a creditor what rank is assigned to him, as it contemplates the payment of his debt at all events. He is consequently not bound to make an opposition, and insist on being classed as a privileged or mortgage creditor. The only judgment which can be rendered upon such a statement and petition must have reference to the entire payment of all the debts, without regard to the preferences to which the creditors would be entitled, if the estate were insolvent. It seems to be conceded that the estate of *Day* is insolvent. If this be true, and the curator had funds in his hands, but to an amount insufficient to pay the creditors, it was his duty to present a tableau of distribution of such funds among the creditors, according to the order of their privileges and mortgages. It is only upon such a tableau that a judgment could have been rendered, which would have precluded the appellant, *Sims*, from subsequently asserting his true rank. C. C. 1169, 1170. No such tableau has been presented, and no such judgment rendered ; and *Sims* has forfeited none

of his rights as a creditor by mortgage or privilege, when a tableau of distribution shall be filed.

The second "statement," upon which this controversy has arisen, is of the same character with the first. It is a statement of debts. The condition of the succession, as far as we are informed by the record, does not require such a statement ; the proceeding is irregular; and the litigation which has arisen upon it can lead to no useful or practical result. We consider it necessary therefore to remand the cause for the purpose of enabling the curator to file a tableau of distribution, in which all the creditors may contradictorily establish their respective claims and privileges. This view renders it unnecessary to consider several other claims which have been opposed by *Fitzpatrick*.

It is therefore ordered that the judgment appealed from be reversed. It is further ordered that this cause be remanded for further proceedings in accordance with the principles stated in this opinion; the appellee, *Fitzpatrick*, paying the costs of this appeal.